UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FELIX PRIAMO HERNANDEZ-
GARCIA,

Petitioner,

v.

BRIAN ENGLISH, Warden,

Respondent.

CAUSE NO. 3:26-CV-462-CCB-SJF

## <u>ORDER</u>

Immigration detainee Felix Priamo Hernandez-Garcia, a litigant without counsel,

filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being

unlawfully detained in violation of the laws or Constitution of the United States. ECF 1.

The government has filed a response and Hernandez-Garcia has filed a reply. ECF 6, 9.

The petition is ready to be decided.

Hernandez-Garcia is a Dominican National who first entered the United States in

1991 and later became a Lawful Permanent Resident. ECF 6-1 at 2-3. In May 2002, he

was convicted of assault in the second degree and sentenced to five years' probation. *Id.*

at 4. In November 2007, he was convicted of sexual abuse in the first degree and

sentenced to five years' imprisonment. *Id.* at 3-4. On October 8, 2025, Hernandez-Garcia

was taken into custody by agents of United States Immigration and Customs

Enforcement (ICE) and served with a Notice to Appear, charging him as removable

under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving

moral turpitude. ECF 6-2 at 2. He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings.

In his habeas corpus petition, Hernandez-Garcia argues his prolonged detention without a bond hearing violates his due process rights and he should be released. The government responds that Hernandez-Garcia is subject to mandatory detention under 8 U.S.C. § 1226(c). In his reply, Hernandez-Garcia does not dispute that he is being detained under § 1226(c). Rather, he argues his prolonged detention without a bond hearing nevertheless violates his due process rights under the Third Circuit's decision in *German Santos v. Warden Pike Cty. Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020).

This court is not bound by Third Circuit decisions and instead follows the decisions of the Seventh Circuit. The Seventh Circuit Court of Appeals and the United States Supreme Court have both held the mandatory detention provision in § 1226(c) is constitutional on its face. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Kim*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531.

That said, the Seventh Circuit has left open the possibility of an as-applied challenge to a particular detainee's detention under § 1226(c), noting, but not deciding,

the open question of "whether mandatory detention under § 1226(c) is consistent with due process when a detainee makes a colorable claim that he is not in fact deportable." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1020-21 (7th Cir. 2004) (citing *Kim,* 538 U.S. at 560 (Souter, J., dissenting) ("Some individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal. . . . As to such aliens . . . the Government has only a weak reason under the immigration laws for detaining them.")). The Supreme Court likewise has not spoken to an as-applied challenge to prolonged detention under § 1226(c). *See Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (concluding as a matter of statutory interpretation that § 1226(c) did not place time limits on detention or require periodic bond hearings but remanding the constitutional arguments for consideration first).

While the Seventh Circuit has not addressed the issue of as-applied challenges to prolonged detention under § 1226(c) in the aftermath of *Jennings,* a number of other courts have done so and applied a test similar to the one set forth in *German Santos.* Here, the court need not reach this issue, as even if the court were to apply the *German Santos* framework, it would conclude Hernandez-Garcia does not have a valid as-applied due process claim. *German Santos* lays out four factors to analyze an as-applied due process claim: (1) the duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, such as a detainee's request for continuances; and (4) whether the conditions under which the noncitizen is confined are "meaningfully different" from criminal punishment. *German Santos*, 965 F.3d at 211.

With regard to the first factor – the duration of Hernandez-Garcia's detention – Hernandez-Garcia has only been in custody for a little over seven months. Courts have repeatedly held that detentions of a year or longer are not unreasonable and do not necessitate a bond hearing. *See, e.g., Santos v. Lowe*, No. 1:18-CV-1553, 2019 WL 1468313 (M.D. Pa. Apr. 3, 2019) (15 months in detention does not violate due process where the case has proceeded at a reasonable pace with no evidence the government has willfully delayed the case); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *5 (M.D. Pa. July 26, 2018) (detention for 15 months not unconstitutional given regular progression of proceedings). Because Hernandez-Garcia's seven-month detention falls well below this threshold, this factor – which *German Santos* describes as the "most important factor" – weighs heavily in favor of the government.

Considering the second factor – whether the detention is likely to continue – Hernandez-Garcia asserts he had a hearing before an immigration judge on April 30, 2026, and that he may appeal the immigration judge's decision to the Board of Immigration Appeals. Hernandez-Garcia does not explain what ruling the immigration judge issued, but it is clear his immigration proceedings are progressing. And if the immigration judge entered a removal order, his detention could be nearing its end if he decides not to appeal the immigration judge's decision. Because Hernandez-Garcia's immigration proceedings are progressing and there is no evidence of any delays attributable to the government, this factor weighs in favor of the government. Considering the third factor – the reasons for the delay – Hernandez-Garcia does not argue the government is responsible for any delays in his immigration proceedings, and

there is no evidence of any improper or bad faith conduct by the government. This factor too weights in favor of the government. And considering the fourth factor – whether the conditions under which Hernandez-Garcia is confined are "meaningfully different" from criminal punishment – Hernandez-Garcia alleges he is being held in the Miami Correctional Facility alongside state prisoners. There is no evidence the conditions of Hernandez-Garcia's confinement are "meaningfully different" from criminal punishment, so this factor alone weighs in Hernandez-Garcia's favor.

Accordingly, because Hernandez-Garcia has only been detained for approximately seven months, his immigration proceedings are progressing, and the government has not improperly delayed those proceedings, the *German Santos* factors weigh in favor of the government. Therefore, Hernandez-Garcia has no valid as-applied due process claim and there is no reasonable basis for the court to order a bond hearing.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 1).

SO ORDERED on May 19, 2026.

> /s/ *Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT

5